**Darlene KING–WASHINGTON,**
**Plaintiff–Appellant,**

v.

**ELI LILLY & COMPANY,**
**Defendant–Appellee.**

No. 09–4434–cv.

United States Court of Appeals,
Second Circuit.

Oct. 4, 2010.

Lowell W. Finson, Phillips & Associates, Phoenix, AZ, for Plaintiff-Appellant.

Nina M. Gussack (Andrew R. Rogoff and Eric Rothschild, on the brief), Pepper Hamilton LLP, Philadelphia, PA, for Defendant-Appellee.

PRESENT: WALKER, JOSÉ A. CABRANES and CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Darlene King–Washington appeals from a judgment of the District Court granting the motion for summary judgment of defendant-appellee Eli Lilly and Company ("Eli Lilly") in a claim for personal injury damages allegedly caused by Zyprexa, an antipsychotic medication manufactured by Eli Lilly. King–Washington, who suffers from schizophrenia, was prescribed Zyprexa consistently between September 1997 and September 2003. In August 1997, before she was treated with Zyprexa, King–Washington was diagnosed with diabetes. Medical records from a 1999 emergency room visit note that she had "been known to have sleep apnea for a long time." *App.* at 294. King–Washington asserts that Zyprexa worsen her diabetes and caused her sleep apnea and that she would not have been prescribed Zyprexa had Eli Lilly properly warned of the drug's dangers. We assume the parties' familiarity with the facts, procedural history and issues raised on appeal.

We review orders granting summary judgment *de novo*, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Redd v. Wright,* 597 F.3d 532, 535–36 (2d Cir.2010).

King–Washington and Eli Lilly dispute whether the substantive laws of Arizona (where this claim was filed) or Michigan (where the events from which the claim arises occurred) govern in this case. However, King–Washington's case fails under either Michigan or Arizona law. In order to establish a claim based on a manufacturer's failure to warn under both Arizona and Michigan law, King–Washington must demonstrate that, among other things, Eli Lilly's failure to warn "was [a] cause in fact and [a] proximate cause of" her injury. *Compare Inman v. Heidelberg Eastern, Inc.* 917 F.Supp. 1154, 1160 (E.D.Mich. 1996) *with Southwest Pet Prods., Inc. v. Koch Industries, Inc.,* 273 F.Supp.2d 1041, 1062 (D.Ariz.2003) (concluding that summary judgment in defendant's favor was warranted where plaintiff "failed to demonstrate that any failure to warn was a proximate cause of [its] injury.").[1] Moreover, both Michigan and Arizona recognize the "learned intermediary" exception in failure-to-warn cases: "[w]hen a [prescribing] physician is aware of the risks of a prescription drug but still prescribes it for a patient, a manufacturer's failure to warn cannot be the proximate cause of a subsequent injury to the patient." *In re: Zy-*

---

1. Because we conclude that King–Washington fails to establish proof of causation, we decline to address the question of whether her claim is time-barred.

*prexa Prods. Liab. Litig.*, Nos. 04–MD–1596, 06–CV–2592, 2009 WL 2163118, at *15 (E.D.N.Y. July 13, 2009); *id.* (collecting cases related to both Michigan and Arizona).[2]

King–Washington suffered from diabetes before her Zyprexa treatments began, and her sleep apnea also likely predated her Zyprexa use. As the District Court concluded, Zyprexa cannot, therefore, have caused either injury. To show that Zyprexa exacerbated those conditions, King–Washington presented only the expert testimony of Dr. Stephen J. Hamburger, which the District Court precluded due to serious reliability concerns. Accordingly, after *de novo* review, we hold that King–Washington has failed to establish that Zyprexa caused or exacerbated any of her injuries.

### CONCLUSION

We have considered each of King–Washington's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.

---

**2.** Arizona applies a "heeding presumption" in failure-to-warn cases that "reduces" the plaintiff's "burden of proving that the manufacturer's failure to issue an adequate warning proximately caused the injury at issue" by "shift[ing] the burden of production to the manufacturer." *Golonka v. Gen. Motors Corp.*, 204 Ariz. 575, 580, 65 P.3d 956 (2003). If the manufacturer meets its burden "by introducing evidence that would permit reasonable minds to conclude that" an adequate warning would not have changed the treatment decision, "the presumption is destroyed" and the plaintiff must produce affirmative evidence that the allegedly inadequate warning proximate caused his or her injury. *Id.* at 590–91. As a result, where the presumption is destroyed summary judgment is warranted under the learned intermediary doctrine unless the plaintiff can demonstrate "that had a proper warning been given," the prescribing practitioner would have acted differently—i.e., that the plaintiff "would not have used the product in the manner which resulted in his injury." *Dole Food Co., Inc. v. N.C. Foam Indus.*, 188 Ariz. 298, 305, 935 P.2d 876 (1996).